# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CROSS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INFINITY ENERGY, INC.; and INFY MARKETING, LLC,<br><br>Defendants. | Case No.: 16cv2527-MMA (JLB)<br><br>**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT AGAINST VIRTUAL SALES SOLUTIONS**<br><br>[Doc. No. 21] |

Plaintiff Patrick Cross ("Plaintiff") filed a First Amended Class Action Complaint ("FAC") against Defendants Infinity Energy, Inc. ("Infinity") and INFY Marketing, LLC ("INFY," collectively "Defendants") on October 10, 2016, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 277, *et seq.* ("TCPA"). *See* Doc. No. 1. On February 1, 2017, Infinity filed an answer to Plaintiff's FAC. *See* Doc. No. 6. On February 7, 2017, INFY filed an answer to Plaintiff's FAC. *See* Doc. No. 8. Defendants now move for leave to file a Third-Party Complaint against Virtual Sales Solutions. *See* Doc. No. 21. On April 24, 2017, Plaintiff Patrick Cross filed a statement of non-opposition regarding Defendants' motion. *See* Doc. No. 22. For the reasons set forth below, the Court **GRANTS** Defendants' motion.

/ / /

## DISCUSSION

Federal Rule of Civil Procedure 14(a) provides, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). However, "the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a). "The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Southwest Admin., Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). The decision whether to permit a third party claim under Rule 14 is left to the "sound discretion of the trial court." *Id.*

Here, the Court finds the interests of justice are served by permitting Defendants to file a Third-Party Complaint against Virtual Sales Solutions ("VSS"). INFY entered into a contract with VSS in order for VSS to provide marketing solicitation services to INFY. *See* Doc. No. 21-1 at 2. Pursuant to the parties' contract, "VSS expressly agreed to indemnify INFY and Infinity. . . for all claims and damages arising out of VSS['s] performance of its marketing duties contemplated by the Agreement." *Id.* Defendants contend that pursuant to the indemnity provisions of the contract, VSS is responsible for any alleged violation of the TCPA, and any damages flowing therefrom. *See id.* Thus, permitting Defendants to file a Third-Party Complaint eliminates the need for Defendants to bring a separate action against VSS. *See Southwest*, 791 F.2d at 777. Additionally, Plaintiff does not oppose the filing of a Third-Party Complaint in this action. *See* Doc. No. 22. Finally, although Defendants technically filed the instant motion after the March 29, 2017 deadline to join parties, amend pleadings, or to file additional pleadings as set forth in the Scheduling Order (Doc. No. 17), Defendants' motion is well in advance of the April 3, 2018 trial date. As such, the Court **GRANTS** Defendants' motion.

/ / /

## Conclusion

For the reasons set forth above, the Court **VACATES** the previously scheduled hearing date and **GRANTS** Defendants' motion for leave to file a Third-Party Complaint against Virtual Sales Solutions. Defendants must separately file the Third-Party Complaint, previously filed as "INFY Marketing, LLC's Third-Party Complaint Against Virtual Sales Solutions" (Doc. No. 21-2 at 50), on the docket within three (3) days of this Order.

**IT IS SO ORDERED.**

Dated: April 25, 2017

HON. MICHAEL M. ANELLO
United States District Judge